The judgment and order appealed from must be affirmed, with costs.

VAN BRUNT, P. J., BARRETT, RUMSEY and O'BRIEN, JJ., concurred.

Judgment and order affirmed, with costs.

---

JAMES HARTLEY, Appellant, *v.* SOPHIA E. MURTHA, Respondent, Impleaded with PHILIP J. O'NEILL, Appellant, and Others.

*Mechanic's lien — when alterations in demised premises are not made by a lessee with the consent of the lessor.*

Where a lease, which provides that the tenant, under penalty of forfeiture and damages, will not make any alterations in the demised premises without the consent of the lessor, contains an agreement on the part of the tenant to make certain alterations which he covenants shall be made with the consent and approval of the lessor, the plans and specifications to be first submitted to her, alterations subsequently made by the tenant, without the plans and specifications therefor having been submitted to the lessor, and without any knowledge on her part that they were being made, cannot be said to have been made with such consent on the part of the lessor as is necessary, within the meaning of the Mechanics' Lien Law, in order to charge her interest in the property with a lien filed for work done and material furnished in making the alterations.

APPEAL by the plaintiff, James Hartley, from so much of a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 11th day of June, 1897, upon the decision of the court rendered after a trial at the New York Special Term, as dismisses the complaint upon the merits as to the defendant Sophia E. Murtha.

Also an appeal by the defendant, Philip J. O'Neill, from so much of said judgment as adjudges that the plaintiff recover of said defendant the sum of $2,537.65.

*James Kearney,* for the plaintiff, appellant.

*Michael Fennelly,* for the respondent.

Judgment affirmed, with costs, on opinion of court below.

Present — VAN BRUNT, P. J., PATTERSON, O'BRIEN, INGRAHAM and McLAUGHLIN, JJ.

The following is the opinion of the court below:

Beekman, J. :

This is the second trial of this action pursuant to an order of the Appellate Division reversing a judgment dismissing the complaint and directing a new trial. The complaint was dismissed on the first trial because of the failure of the plaintiff to prove that, before the commencement of the action, he presented to the defendant O'Neill an architect's certificate showing that the work had been completed according to contract, the contract containing a provision requiring that to be done before the obligation to pay the plaintiff should mature. The action was not brought, in terms, upon the contract, the complaint being cast in the form of an action to foreclose a mechanic's lien predicated upon a *quantum meruit.* The answer, while averring that the work was done under a written contract, does not set forth the terms of the contract, nor does it in any way refer in specific terms to a failure to comply with this stipulation. The ground of reversing was apparently twofold : *First,* that the question was not raised at the trial, and that if the attention of the plaintiff had been called to the objection, it might have been obviated by proof of a waiver of the alleged condition ; *second,* that the evidence would have justified a finding that there was such a waiver. (*Hartley* v. *Murtha,* 5 App. Div. 408.) At page 411 the court says : " The contract required a certificate to be made as a condition of the payment of the first as well as the last installment for the work and materials, and yet the $1,000 in cash was paid and the $1,000 note was given without requiring the certificate, and when this action was begun O'Neill made no objection by reason of the non-production of the certificate. He did not ask that a certificate be obtained. He said nothing whatever about a certificate, but contented himself with complaining about the work itself. These facts fairly construed would have justified a finding that there had been a waiver of the condition precedent of furnishing a certificate, even if such condition under the terms of this contract existed. It seems to us that upon the facts disclosed in this case the learned trial court erred in dismissing the complaint on the merits. The materials had all been furnished and the work had all been properly done before the action was commenced. The plaintiff was entitled to be paid the balance of the contract price, what-

ever it was, and to have his lien established therefor." The evidence upon this trial seems to have been the same as that formerly adduced, certainly so far as the references thereto contained in the above opinion are concerned. The law of the case, therefore, seems to be established upon this point, and I, therefore, find that the condition requiring the production of the certificate in question was waived.

I do not think, however, that the plaintiff has established a valid lien upon the property as against the owner, Sophia Murtha. The claim for such a lien is predicated upon a lease made by her to the defendant O'Neill, which contains the following provisions: *First,* the usual covenant that the tenant will not make any alterations in the premises " without the written consent of the said party of the first part (the lessor) under the penalty of forfeiture and damages ;" *second,* a special provision which reads as follows : " Whereas said party of the second part covenants to make for his convenience on or before September 1st, 1893, certain alterations and extraordinary repairs to said premises of the value of at least about five thousand dollars, which will materially modify said building, it is hereby agreed in consideration of the premises, that all such improvements, alterations and repairs will be of a substantial character and quality and done by and with the consent and approval of said party of the first part, the plans and specifications thereof to be first submitted to her, and that all such improvements when completed shall belong to and become the absolute property of said party of the first part, except the movable bar, fixtures pertaining thereto, chandeliers and such like detachable fixtures." The lease in a subsequent clause further provided that the party of the second part "is also to comply with all the orders, rules, regulations and requirements of the board of health, fire and municipal authorities of the city of New York, relating to said premises, and to save and protect said party of the first part harmless therefrom." It is contended that this stipulation involves such a consent by the owner withing the meaning of the Mechanics' Lien Law as to subject her property to any lien which may be filed pursuant to that law for work done and materials furnished in carrying out the contemplated improvement. In *Cowen* v. *Paddock* (137 N. Y. 188) the court says (p. 193): " While it is doubtless true that the

consent required by the lien law need not be expressly given, but may be implied from the conduct and attitude of the owner with respect to the improvements which are in process of construction upon his premises, still the facts from which the inference of a consent is to be drawn must be such as to indicate at least a willingness on the part of the owner to have the improvements made, or an acquiescence in the means adopted for that purpose, with knowledge of the object for which they are employed." The application of the rule to the case where consent is given by a landlord to improvements upon the demised premises which the tenant seeks to make is defined in the case of *Hankinson* v. *Vantine* (152 N. Y. 20), where the court holds that a stipulation that the lessee will not make any alterations without the consent of the lessor under penalty of forfeiture and damages, standing by itself, is not sufficient to support a lien where such a consent has been given, on the ground that its purpose is to avoid the effect of the covenant and thus prevent a forfeiture, and that where such a consent is given, the only effect is that the relation of the parties becomes the same as if no such covenant had existed in the lease. The evidence in this case utterly fails to show any consent on Mrs. Murtha's part to the particular work which was done upon the property. It must, therefore, be found, if at all, under the special stipulation contained in the lease which is above quoted. An examination of that provision, however, discloses the fact that certain things were to be done before the consent of the landlord should become operative, namely, that the consent of the building department should be obtained, and that the plans and specifications for the work should be first submitted to her. The consent of the building department was obtained. But the proofs show that the plans and specifications were never submitted to Mrs. Murtha; that she had no knowledge of what was being done, and did not know that the alterations were being made until after they had been entirely completed. The requirement that the plans and specifications should be submitted before any consent on the part of the landlord should become operative was not technical but was substantial in its nature, and an important protection to her rights and interests. As it was utterly disregarded, it is plain that the work proceeded without her consent, and that her property is in no

way liable for the lien which the plaintiff has attempted to impose upon it. The plaintiff cannot complain of this result. He should have made inquiry with respect to the condition of the title before he extended credit to the defendant O'Neill. Had he done so, he would have discovered the provisions of the lease, and could have protected himself by exacting a compliance with the conditions upon which the consent of the landlord depended. This he failed to do, and the contract which he made with O'Neill was entered into exclusively upon the credit which he gave to the latter. It follows that the complaint must be dismissed as to the defendant Murtha. It appears that the lease which was made to the defendant O'Neill was assigned by him to one Edward W. Ashley, prior to the making of the contract, and that subsequently, but at what date it does not appear, it was in turn assigned by Ashley to Mary O'Neill, the wife of the defendant Philip J. O'Neill. Although Mrs. O'Neill has been made a party defendant, it appears that she has not been served with the summons, nor has she entered an appearance in the action. It is, therefore, difficult to see how any judgment can be awarded which would make the lien operative upon the leasehold interest. The only relief, then, that the court can award to the plaintiff is a money judgment for the amount of the plaintiff's claim as proven against the defendant Philip J. O'Neill. It is claimed, however, on the part of the defendant that there was a payment of $1,000 made to the plaintiff on account of his work by giving to him a note for that sum made by Mary O'Neill to the order of Philip J. O'Neill and indorsed by him, which note was accompanied by some additional security, the exact nature of which does not appear from the evidence. I think, however, upon the whole, that the proofs show that this note was not accepted by the plaintiff as a payment, but only by way of additional security. It should not, therefore, be deducted from the amount of his claim. The judgment, however, should provide for the surrender of the note and security upon the payment of the amount awarded. Judgment is directed accordingly. The decision and judgment should be settled on notice.