## HAYNE v. SEALY.

(Supreme Court, Appellate Division, Second Department. April 18, 1902.)

1. PARTNERSHIP AGREEMENT—INTEREST—WAIVER OF CLAIM.
Where a partner entitled to interest on funds invested in the partnership agrees to waive such claim, and has knowledge that he is not credited with interest at a periodical settlement, a finding that he assented thereto is justified.

2. SAME—CONTRACT UNDER SEAL—PAROL MODIFICATION—VALIDITY.
Where a partner who is entitled to interest, under a partnership agreement under seal, on funds invested in the partnership, makes a subsequent parol agreement with his partners waiving his right to interest, such agreement may be repudiated at any time, and is only executed and binding as to interest which, with his knowledge, has not been credited to him before his repudiation of the oral contract.

Appeal from special term, Kings county.

Action by Henry J. Hayne against Thomas Sealy. From a judgment of the special term of the supreme court in favor of defendant, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Thomas Darlington, for appellant.

Mark M. Schlesinger (Frank C. Avery, on the brief), for respondent.

WILLARD BARTLETT, J. The plaintiff and defendant were partners under articles of copartnership, executed under seal on June 30, 1894, which provided for the continuance of the partnership until July 1, 1897. In this agreement it was provided that prior to the computation of profits plaintiff should be credited with interest at 6 per cent. on all moneys which he might have invested in the copartnership, whether as capital or otherwise, up to $25,000; and the defendant was to be credited with interest at the same rate on any moneys invested in the copartnership by him over and above the sum of $8,000. It was further provided that an inventory of the stock on hand should be taken in the month of December of each year, when the profits, if any, were to be ascertained as above mentioned. The partnership has been dissolved, and its affairs are being wound up by a liquidator appointed by the members of the firm. The question involved in the present action is whether the plaintiff is entitled to interest under the terms of the copartnership articles, or whether, as contended by the defendant, he has lost his right to such interest by reason of an oral agreement to waive the same. The parties are at variance as to the making of such oral agreement; but there was testimony in behalf of the defendant which, if believed by the trial judge, warranted a finding to the effect that the plaintiff

did, in fact, in or about the month of February, 1896, agree to waive any claim to be allowed interest thereafter. No interest was credited to him or to the defendant on the balance sheet for 1896; and the proof also justified the inference that the plaintiff was aware of this fact, and hence may be held to have assented to the omission. There is no doubt that the provisions of the articles of copartnership in reference to interest on the respective contributions of capital by the two partners could be waived by a subsequent parol agreement between them, and the performance of such agreement. McKenzie v. Harrison, 120 N. Y. 260, 24 N. E. 458, 8 L. R. A. 257, 17 Am. St. Rep. 638, and cases therein cited. So far as the substituted agreement was actually carried out by the omission of any credit of interest on the balance sheet for 1896, it could properly be regarded as executed, and as fixing the rights of the parties up to that time. Assuming, then, that the oral agreement of waiver was actually made in this case, as contended by the defendant, and that the plaintiff is chargeable with knowledge that he was not credited with interest upon the ascertainment of profits at the close of 1896, it follows that the plaintiff must be deemed to have lost all right to any interest for that year. He could, however, repudiate the oral agreement at any time thereafter, and demand the enforcement of the provision in the copartnership articles in regard to interest. This he has now done, and it would seem, therefore, that the learned court below erred in not allowing him such interest from the beginning of 1897 up to the time of the dissolution of the firm. The rule which appears to be applicable here is clearly stated in the case of McKenzie v. Harrison, supra. That was an action to recover rent upon a lease under seal for a term of 10 years at an annual rental of $4,500. It was alleged that after the defendants had occupied the premises for one year, and paid the rent in full, the plaintiffs agreed orally to reduce the rent to $3,500 per annum; that rent was paid at this reduced rate for three years, the lessors giving receipts for that amount in full; and that after this had continued for three years the lessors notified the defendants that they wished them to pay the amount of rent originally provided for, which the defendants did until the commencement of the suit. In holding that the defendants should have been allowed to offer proof to establish the making of this alleged oral agreement, the court of appeals, speaking through Haight, J., used this language:

"We shall not question the rule that a contract or covenant under seal cannot be modified by a parol unexecuted contract. Coe v. Hobby, 7 Hun, 157; Smith v. Kerr, 33 Hun, 567–571; Id., 108 N. Y. 31, 15 N. E. 70, 2 Am. St. Rep. 362. Neither shall we question the views of the court below to the effect that the alleged oral agreement in this case to reduce the rent $1.000 per year was void and inoperative in so far as it remained unexecuted. The lessors had the right to repudiate it at any time, and demand the full amount of rent provided for by the lease; but in so far as the oral agreement had become executed, as to the payments which had fallen due and had been paid and accepted in full as per the oral agreement, we think the rule invoked has no application."

If there was an oral agreement of waiver in the present case, it is clear that that agreement had not become executed as to the period

subsequent to that covered by the balance sheet of 1896, and it therefore forms no bar to the recovery of interest by the plaintiff upon the capital which he had in the firm after that time.

These views require a reversal of the judgment.

Judgment reversed, and new trial granted; costs to abide the final award of costs. All concur.