### MITCHELL v. DUNMORE REALTY CO.

### SAME v. MURRAY.

(Supreme Court, Appellate Division, First Department. June 5, 1908.)

1. MECHANICS' LIENS—CONTRACT WITH TENANT—CONSENT BY LANDLORD—PLEADING.

The complaint to foreclose a mechanic's lien for work done under contract with the tenant of the property does not show the consent of the landlord necessary to bind the property; it alleging merely a provision in the lease for alterations by the tenant, partly at the expense of the landlord, "to be made according to plans and specifications to be approved by the owner and landlord," and not alleging such approval.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Mechanics' Liens, § 500.]

**2. SAME—ABANDONMENT OF WORK.**

One performing work under contract with a tenant, and relying on consent thereto by the landlord to entitle him to a mechanic's lien, having abandoned the work, shows no right against the landlord unless he was actually prevented from completing it. It is not enough that the tenant refused to pay or otherwise breached the contract.

**3. PLEADING CONTRACTS — ABANDONMENT — JUSTIFICATION — CONCLUSION OF LAW.**

The complaint to foreclose a mechanic's lien for work done by plaintiff under contract with the tenant of the property shows no right of recovery, even against the tenant, it alleging an abandonment of the work before completion, and failing to show justification; its allegation that the tenant failed to make payment to plaintiff due him without any statement that any particular sum was due him when he abandoned the work, and without statement of facts from which it can be seen that any amount was then due and unpaid, being a mere conclusion of law.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 12–28½.]

**4. CONTRACTS—PERFORMANCE—RULE OF SUBSTANTIAL PERFORMANCE.**

The rule of substantial performance, under which the contractor may recover the contract price, less the damages caused by the deficiencies, has no application when the failure to fully perform has been willful and intentional, but only where one has in good faith intended to and has substantially complied with the contract, though there may be slight defects by inadvertence or unintentional omissions, while, to authorize recovery, where there is a willful and intentional refusal by the contractor to proceed, there must have been a performance without any omission so substantial as to call for an allowance for damages had he acted in good faith; that is, there must have been no more than imperfections and deviations so slight and insignificant that they may be overlooked under the principle of de minimis, which is not the case where the value of the work left undone exceeds $1,200.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 11, Contracts, §§ 1353–1362.]

**5. MECHANICS' LIENS—NOTICE OF LIEN—VALUE OF LABOR AND MATERIALS.**

Under Laws 1897, p. 518, c. 418, § 9, requiring notice of a mechanic's lien to state: "(4) The labor performed or to be performed, or materials furnished or to be furnished, and the agreed price or value thereof. (5) The amount unpaid to the lienor for such labor and materials"—the whole value of the labor and materials, as well as the amount unpaid, must be stated, which is not the case if the notice, stating the agreed price and value at $42,000 and the amount unpaid at $41,000, be understood as referring to the same contract set out in the complaint to foreclose, showing the total value of the work done and materials to be $110,000.

Appeal from Special Term.

Action by Donald Mitchell against the Dunmore Realty Company. From interlocutory judgments overruling demurrers to the complaint, said Company and defendant John L. Murray appeal separately. Reversed, and demurrers sustained.

Argued before INGRAHAM, McLAUGHLIN, HOUGHTON, CLARKE, and SCOTT, JJ.

W. B. Symmes, Jr., for appellant Dunmore Realty Co.
Norbert Heinsheimer, for appellant Murray.
Howard A. Sperry, for respondent.

SCOTT, J. These are separate appeals by the defendants Dunmore Realty Company and John L. Murray from interlocutory judgments overruling their separate demurrers to the complaint. It will be convenient to consider both appeals together.

The action is to foreclose a mechanic's lien upon certain real property owned by the Dunmore Realty Company and leased to the defendant Murray. The lien is claimed for materials furnished and work, labor, and services rendered under a contract between the plaintiff and John L. Murray. The interest of the Dunmore Realty Company in the real property is sought to be subjected to the lien upon the ground that it consented to the work and that the labor and materials were furnished and performed with the knowledge and consent of said owner. Such consent is predicated upon the allegation that the realty company leased the premises to John L. Murray for a term of 20 years with renewals, and that, among other things, the lease contained an obligation on the part of the defendant, the Dunmore Realty Company, the owner and landlord, to pay to John L. Murray, the tenant, for certain alterations to be made by said John L. Murray upon the building erected upon said premises at its request by the said tenant John L. Murray, which said alterations were not to cost the defendant the Dunmore Realty Company more than $65,000, and the defendant John L. Murray, the tenant, agreed to pay for said alterations upon said building the sum of $65,000 more, "which said alterations were to be made according to plans and specifications to be approved by the owner and landlord." The complaint fails to allege any other consent by the landlord to the particular work for which a lien is claimed, except such as is to be found in the terms of the lease above quoted. That consent, however, was by its terms, as stated in the complaint, conditioned upon the approval by the landlord of the plans and specifications for the alterations, and there is no allegation that such approval was ever obtained. In a similar case this court said:

"The requirement that the plans and specifications should be submitted before any consent on the part of the landlord should become operative was not technical, but was substantial in its nature, and an important protection to her rights and interests." Hartley v. Murtha, 36 App. Div. 196, 56 N. Y. Supp. 686.

In the absence of an allegation of such approval by the landlord, the contention that it consented to the improvement necessarily fails, for such consent was conditioned upon its approval, and cannot be extended to alterations constructed upon unapproved plans to which it had not consented.

It is further alleged in the complaint:

"That on or about the 2d day of July, 1907, the plaintiff on his part having fully performed the contract with the defendant John L. Murray, the defendant John L. Murray failed, omitted, and refused to make payment to the plaintiff due to him by the terms of said contract, the architect's certificate therefor having been waived and abandoned, whereupon the plaintiff discontinued further work thereon, leaving undone and unfinished work and materials to be furnished to the value of $1,263."

This claim is in a sense self-contradictory. It asserts, in the first place, that on July 2, 1907, the plaintiff had fully performed the contract, and then alleges that it discontinued the work, leaving a portion of the work undone and materials unfurnished. We assume that the pleader intended to allege that the plaintiff had fully performed the contract in so far as it was required to perform it down to July 2, 1907, when it abandoned the work, and seeks to justify such abandonment on the ground that Murray had failed to make payments as required by the contract. So far as concerns the appellant realty company, this allegation effectually condemns the complaint, even if we assume that a sufficient excuse is pleaded, as against the tenant, for the abandonment of the work. When a contractor performs work under a contract with the tenant, and also relies upon the consent of the owner, he is not justified in abandoning the work because the tenant refuses to pay or is otherwise guilty of a breach of the contract, unless the contractor is actually prevented from completing. As the owner is sought to be held by virtue of having given his consent to the doing of a particular thing, that contract must be substantially performed. N. Y. Elevator Supply Company v. Bremer, 74 App. Div. 400, 77 N. Y. Supp. 509, affirmed 175 N. Y. 520, 61 N. E. 1086. But even as against the defendant Murray the plaintiff does not plead a sufficient justification for the abandonment of the work. He alleges that "Murray failed, omitted, and refused to make payments to the plaintiff due to him by the terms of said contract." The contract is not attached to the complaint, and we have no information as to its terms except as they are stated in the complaint. It is stated that the contract price was $84,500, of which $57,250 should be paid in cash as the work progressed upon orders of the architect and according to the terms of the contract, but what those terms were is not stated. It is also said that extra work was performed to the extent of $27,271.66, but nothing is said as to how and when it was to be paid for. It is further said that plaintiff has been paid $68,903.-35 in cash and $12,000 in promissory notes. There is thus no allegation that any particular sum was due when the plaintiff abandoned the work, nor any facts stated from which it can be seen that any amount was then due and unpaid. The allegation that Murray failed to make payment to the plaintiff due to him is a mere conclusion of law, with no facts stated to sustain it (Tate v. Am. Woolen Co., 114 App. Div. 106, 99 N. Y. Supp. 678), and is therefore an insufficient allegation to justify the abandonment of the work. As the complaint stands, therefore, it alleges an abandonment of the work before completion, with no sufficient plea of justification. Upon such a complaint no recovery can be had. The plaintiff seeks to avoid the force of this criticism by insisting that he had substantially completed his contract because the value of the amount left undone is so small a proportion of the entire work. This contention cannot prevail, for it involves a misapprehension of the rule as to substantial performance. That rule has no application when the failure to fully perform has been willful and intentional. It is intended to prevent an injustice or hardship to a contractor who has in good faith intended to

and has substantially complied with the contract, although there may be slight defects caused by inadvertence or unintentional omissions. Phillip v. Gallant, 62 N. Y. 256. In such a case full justice can be done by permitting the contractor to recover the contract price, less the damage caused by the defects. But where, as in the present case, there has been a willful and intentional refusal by the contractor to perform his contract and he wholly abandons it, his right to recover depends upon performance of his contract without any omission so substantial in its character as to call for an allowance for damages if he had acted in good faith. Slight and insignificant imperfections or deviations may be overlooked on the principle of de minimis non curat lex; but the contract in other respects must be performed according to its terms. When the refusal to proceed is willful, the difference between substantial and literal performance is bounded by the line of de minimis. Van Clief v. Van Vechten, 130 N. Y. 571, 29 N. E. 1017.

The plaintiff concedes that the work left undone exceeded in value $1,200, a sum which can be considered neither slight nor insignificant. Whether the abandonment was justified or not the complaint states no cause of action against the landlord, and, without a sufficient plea of justification, it is equally insufficient as against the tenant. Our attention is called to several alleged defects in the notice of lien attached to the complaint. It is certainly open to much criticism as to form, but we consider it necessary to refer to but a single inaccuracy. The lien law (chapter 418, p. 518, Laws 1897, § 9), requires that the notice of lien shall state:

"(4) The labor performed or to be performed, or materials furnished or to be furnished and the agreed price or value thereof. (5) The amount unpaid to the lienor for such labor and materials."

This plainly requires that the notice shall state the whole value of the labor and materials, as well as the amount remaining unpaid, and one requirement is as imperative as the other. The complaint shows that the total value of the work done and materials furnished was $111,771.65, less $1,263, the value of the part left undone. The notice of lien states that the agreed price and value of said labor and materials was $42,878.31, and the amount unpaid is $41,605.31. This cannot, under the most liberal construction, be deemed a compliance with the requirements of the lien law, if the notice of lien is to be understood as referring to the same contract that is set forth in the complaint.

It follows that in each case the interlocutory judgment must be reversed, and the demurrer to the complaint sustained, with costs to each appellant in this court and the court below, and with leave to the plaintiff, as to each appellant, to amend the complaint within 20 days upon payment of the costs hereby awarded. All concur.