INTERRANTE v. LEVINSON.

(Supreme Court, Appellate Division, Second Department. December 30, 1908.)

CONTRACTS (§ 238*) — MODIFICATION — WRITTEN CONTRACTS—PAROL MODIFICATION.

A parol agreement varying the method of payment for building work to be done under a written contract under seal is void so far as the agreement remains unexecuted, and the owner can repudiate it and stand on the original contract.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1124; Dec. Dig. § 238.*]

Appeal from Municipal Court, Borough of Brooklyn, Sixth District.

Action by August Interrante, doing business under the firm name of M. Interrante & Son, against Louis Levinson. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before WOODWARD, JENKS, HOOKER, RICH, and MILLER, JJ.

Henry Pearlman, for appellant.

John J. Curtin, for respondent.

JENKS, J. This appeal by the defendant is from a judgment of the Municipal Court in favor of the plaintiff, who had a contract with the defendant to do building work for him, and who sues for a breach

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of that contract. The contract was written and under seal. It provided for certain payments on account at specified stages of the work. The plaintiff's case is that he was discharged by the defendant before the work was done and during the time prescribed for the doing of the work. The discharge followed a dispute over a payment on account, which the plaintiff insisted that the defendant had promised he would make, and which was not made as promised.

As I read the evidence, it does not appear that this payment was due under the terms of the original contract; but the plaintiff insists that subsequent to the execution of that contract the parties agreed to a variance in method of payments and acted accordingly, so that they were made weekly, and that such a payment was past due at the time the plaintiff quit his work or was discharged. But as the alleged modification of the written contract under seal as to the payments was by parol, so far as such agreement remained unexecuted it was void (McKenzie v. Harrison, 120 N. Y. 260, 24 N. E. 458, 8 L. R. A. 257, 17 Am. St. Rep. 638, and authorities cited); and the defendant could repudiate such agreement and stand upon the original contract. The attitude of the defendant, as shown by his evidence, was that any payments made in variation of the terms of the original contract were of favor to the plaintiff, and that on several occasions, and upon the occasion of the dispute which led to the ending of the work, the defendant said to the plaintiff that he invoked the original contract.

The judgment is reversed, and a new trial is ordered; costs to abide the event. All concur.