### ZINDLER v. LEVITT et al.

(Supreme Court, Appellate Division, Second Department.   May 7, 1909.)

1. LANDLORD AND TENANT (§ 182*) — LEASES — ORAL AGREEMENT TO REDUCE RENT—EFFECT.

An oral agreement to accept a lower rent than that reserved in the lease, while unexecuted, was inoperative, and the lessors could at any time repudiate it; but as to payments which had been accepted as payments in full in accordance with the oral agreements the lessors could not revoke the agreement.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 182.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**2. LANDLORD AND TENANT (§ 182\*) — LEASES — ORAL AGREEMENT TO REDUCE RENT—RECEIPT.**

    That no receipt was given for the payments made, stating that they were in full for a month's rent, would not affect the rule, there being no dispute as to the facts respecting the agreement and the payment, since a receipt would be important only as evidence of the agreement.

    [Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 182.\*]

Appeal from Municipal Court, Borough of Brooklyn, Fifth District.

Action by Tobias Zindler against Charles H. Levitt and another. From a judgment granting inadequate relief, plaintiff appeals. Reversed, and new trial ordered, unless defendants stipulate that the amount of their counterclaim be reduced, and plaintiff's judgment be increased, by a certain amount.

Argued before WOODWARD, JENKS, GAYNOR, BURR, and MILLER, JJ.

Samuel Silinsky, for appellant.

Horace London, for respondents.

BURR, J. The only questions in this case arose in connection with defendants' counterclaim. The defendants claimed that on the 1st of March, 1908, they leased to the plaintiff a part of the store floor in the premises 310 Church street, in the borough of Manhattan, for a term of 11 months, at a rent of $41.66 a month, payable in advance. The plaintiff claimed, first, that the letting was to his son, and not to himself; second, that the letting was only from month to month; and, third, that there was an eviction, for the reason that the defendants so interfered with the use and occupation of the leased premises as to compel the occupant to move on the 1st of September. The trial judge found in favor of the defendants on each of these issues, upon evidence which was amply sufficient to sustain the findings.

The only remaining question was as to the amount of rent due. The counterclaim was for a balance, amounting to $16.66, for each of the months of May, June, and July, and for the entire rent for the months of August and September. One of the defendants testified that about the 1st of July he had a conversation with the plaintiff, who said he "would like to have me reduce the rent for [sic] $25 for three months * * * because they are not doing the business they thought they would." The defendant further testified that he said, "Being that you are an old acquaintance of ours, and we have always dealt with you, I will take your suggestion," and that he "consented to reduce the rent for the three months to $25 for May, June, and July." After this conversation the sum of $25 was paid and accepted for each of the three months named. Upon being asked why any claim was made for a balance of rent as unpaid for either of these months, the said defendant further testified:

    "I have told my attorney that I have given him [the plaintiff] the difference between the $41.66 and the $25 payments, and my lawyer told me that if it is an action I could take it back, and under his advice I did it."

The trial judge held that, notwithstanding this agreement, the defendants were entitled to recover upon their counterclaim the full

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

amount of the rent originally reserved by the terms of the lease, and gave judgment in their favor, not only for the rent due on the 1st days of August and September, but also for $49.98, the balance of rent claimed to be due for May, June, and July.

In this we think that he erred. While the agreement to reduce the rent remained unexecuted, it was void and inoperative. The lessors had the right to repudiate it at any time, and demand the full amount of rent provided for in the lease; but as to the payments which had fallen due, and had been paid and accepted as payments in full in accordance with the agreement to reduce the rent, the defendants—the lessors—could not revoke nor repudiate it and maintain an action to recover the sum deducted. McKenzie v. Harrison, 120 N. Y. 260, 24 N. E. 458, 8 L. R. A. 257, 17 Am. St. Rep. 638; Hayne v. Sealy, 71 App. Div. 418, 75 N. Y. Supp. 907; Lewis v. Donohue, 27 Misc. Rep. 514, 58 N. Y. Supp. 319; Napier v. Spielmann, 54 Misc. Rep. 96, 103 N. Y. Supp. 982.

The defendants claimed that, because no receipt was given stating that the $25 was paid and accepted in full for a month's rent, the rule above stated had no application. A receipt is only important as evidence of the agreement. McKenzie v. Harrison, supra. When there is no dispute as to the facts respecting the agreement and the payments, the absence of a receipt is of no consequence.

The judgment of the Municipal Court should be reversed, and a new trial ordered, with costs to the plaintiff, the appellant, unless the defendants, the respondents, stipulate that the amount of their counterclaim be reduced by the sum of $49.98, and that plaintiff's judgment be increased by that amount, with interest from the date of said judgment. If they so stipulate, the judgment, as modified, is affirmed, without costs. All concur.