solely upon the authority to decide an appeal. It will not do to say that an authority having power to decide an appeal has no power to grant a new trial, simply because such power is not specifically conferred.

It is elementary that a reversal of a judgment by an appellate tribunal upon a technicality not involving the merits secures to the defendant the right of a new or another trial for the same cause, without any direction on the part of the tribunal for such new trial. Onderdonk v. Ranlett, 3 Hill, 325; Close v. Stuart, 4 Wend. 95; Vaughan v. O'Brien, 57 Barb. 491. It clearly appears that the Grand President disposed of the plaintiff's appeal by directing a new trial upon the technical ground that Lodge No. 314 refused to allow the plaintiff counsel to represent her upon the trial resulting in the conviction appealed from. The merits of the controversy were in no wise passed upon. The plaintiff contends that her conviction has been reversed, with which contention it is easy to fully agree under all the circumstances. Such reversal upon a technicality secures to the lodge a new trial of the charges preferred as a matter of right, irrespective of the direction of a new trial, or of the power lodged in the Grand President to make such a direction.

The application must be denied, and the trial of the plaintiff be permitted to proceed as provided for by the laws of the auxiliary.

====

### HEDDEN CONST. CO. v. ROSSITER REALTY CO.

(Supreme Court, Appellate Division, First Department. February 4, 1910.)

1. CONTRACTS (§ 232*)—BUILDING CONTRACT—PERFORMANCE—EXTRAS.
    Where a building contractor furnished work and materials not specified, he was entitled to compensation therefor as extra.
    [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1071–1097; Dec. Dig. § 232.*]

2. CONTRACTS (§ 232*)—ADDITIONAL REQUIREMENTS—WRITTEN APPROVAL.
    Where, pending performance of a building contract providing for the allowance of extras only when authorized in writing, the plans and specifications were revised, and new specifications requiring additional work were made, the contractor was entitled to furnish the extras so specified, and recover compensation therefor, without their being expressly ordered in writing.
    [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1071–1097; Dec. Dig. § 232.*]

Appeal from Trial Term, New York County.

Action by the Hedden Construction Company against the Rossiter Realty Company. From a judgment for plaintiff, and from an order denying defendant's motion for a new trial, it appeals. Affirmed.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, McLAUGHLIN, and DOWLING, JJ.

William H. Harris, for appellant.
Frederick Hulse, for respondent.

DOWLING, J.   On May 23, 1906, plaintiff and defendant entered into a contract whereby the former agreed to erect a re-enforced concrete garage for the latter at an agreed price of $100,000, "as shown on the drawings and described in the specifications prepared by the contractor's architect, which drawings and specifications are identified by the signatures of the parties hereto and become a part of this contract."   While the drawings and specifications were never signed by the parties, it is not disputed that there were plans and specifications then in existence, prepared by the architect, which bore date April, 1906.   The work of construction was to be done under the supervision of the contractor's architect, and it was agreed that:

"Such additional drawings and explanations as may be necessary to detail and illustrate the work to be done are to be furnished by the architect, and they [i. e., the parties] agree to conform to and abide by the same so far as they may be consistent with the purpose and intent of the original drawings and specifications."

It sufficiently appears that the building could have been, and actually was, commenced and carried on under these plans and specifications, and that in fact they were sufficient to obtain the approval of the building department.   There was much uncertainty upon defendant's part as to various details of the work which it had delayed final determination upon, and because of changes made the plans show the record of revisions made in the months of July, September, October, and November.   The specifications are headed "Skeleton Specifications," and are barren of many details usually found therein.   The defendants had reserved to themselves certain work which was without plaintiff's contract, but for which the latter had to make provision, and by reason of defendant's delay in furnishing data plaintiff's work was retarded, as it repeatedly notified defendant.   Finally, on September 8th, after being further pressed for details of the turntable pits, gasoline vaults and elevators, heating, electric conduits, and other items, defendant wrote plaintiff a letter containing the following paragraph:

"Under the circumstances we have decided to ask Mr. A. P. Boller, Jr., civil engineer, to undertake for us the supervision of the work called for by your contract.   He will be able to answer all your inquiries, and he has full authority to represent us.   We have already replied to your inquiry regarding the gasoline vault, and we respectfully refer you to Mr. Boller for information on the other subjects.   He will call upon you Monday morning shortly after 10 o'clock to discuss these matters."

Thereafter Boller met the architect, and as a result certain work was ordered to be done by the former which was not included in the original plans and specifications.   The architect claims that Boller agreed that these additional items should be paid for as extra work; but this Boller denies.   In any event, the items were all incorporated in new specifications, which were prepared by the architect and Boller, and which were accepted and approved in writing by the defendant on December 14, 1906.   The additional and further work so required to be done constitutes the extra work sued for herein.

The new or revised specifications contained the following clause:

"No payment will be made for extra work that has not been ordered in writing, and all bills for extra work must be rendered before the final certificate is issued."

121 N.Y.S.—5

Defendant ordered certain extra work in writing, and for this it has paid in full; but it resisted plaintiff's claim for $8,186.65 as being for extras not ordered in writing, and therefore invalid. Upon the trial, there was submitted to the jury for a special finding the question: "Is the plaintiff's claim for extra work established?" which they answered in the affirmative, and they awarded plaintiff the sum of $8,145 as the reasonable value of such work.

It seems clearly established by the evidence that the work for which recovery was sought was extra work. Concededly it was not embraced within the plans and specifications originally prepared, in existence at the time of the making of the contract, and with reference to which both parties acted. Defendant concedes that its contract with plaintiff was made on May 23, 1904. This being so, it was complete in itself, and all that plaintiff undertook to do was to perform fully all the work called for by, or reasonably within the scope of, such plans and specifications, or of such further plans and specifications as might be made to explain the work therein called for.

Defendant could not require additional work, never contemplated when the contract was made, without compensation. Boller himself admits that none of the items sued for is covered in any wise by the original plans. Being acknowledged to be extra work and without the contract, defendant would be clearly liable to pay for them, unless its contention is correct that, as extra work, its price cannot be recoverable, because it was not ordered in writing. But this plea is unavailing, because, as Boller himself testified, every item of extra work had been incorporated in the revised specifications, and, when they were accepted and approved in writing by defendant, they became defendant's written order for the doing of this very work. The prohibition against recovery for extra work not ordered in writing then became operative as to future orders for such work, and there has been no recovery for any such order herein.

It follows, therefore, that the judgment and order appealed from must be affirmed, with costs. All concur.