### DELEHANTY v. DUNN.

(Supreme Court, Appellate Division, First Department. June 28, 1912.)

EVIDENCE (§ 441*)—PAROL EVIDENCE—WRITTEN CONTRACT.

Where a written agreement for certain work fixed the price and time for completion but did not specify time for payment, it constituted an enforceable contract, the legal effect of which was to fix the time for

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

payment at the completion of the work and could not be varied by proof of a parol agreement providing for weekly payment.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1719, 1723–1763, 1765–1845, 2030–2047; Dec. Dig. § 441.*]

Appeal from Trial Term, New York County.

Action by Francis J. Delehanty against Bart Dunn. From a judgment for plaintiff and an order denying his motion for a new trial, defendant appeals. Reversed and remanded.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

Frederick Hulse, of New York City, for appellant.

Emmet J. Murphy, of New York City, for respondent.

MILLER, J. The defendant had a contract with the city of New York for the improvement of Jefferson Park, pursuant to which he was, among other things, to furnish and spread 15,500 cubic yards of mould, and to furnish and lay 278,800 square yards of sod. He and the plaintiff's assignor each signed and delivered to the other duplicate writings of which the following is a copy:

"New York, March 16, 1903.

"Mess. Dunne & Co.: I agree to pay you one & $10/100$ Dolls. (1.10) per cubic yard for mould furnished & spread, and one & one half (.01½) cents per square foot for sod furnished & laid, for all required under my contract at Thomas Jefferson Park and to the satisfaction of the Landscape Architect of the Dept. of Parks, Engineer's measurements to determine quantities. It being fully agreed that deliveries will be prompt as required and all to be completed before August 1st, 1903.

"Accepted.                                        "Dunne & Co."

Work was performed under that agreement amounting at the stipulated prices to $1,699.16 more than was paid, when the plaintiff's assignor refused to continue the work unless said sum was paid. This action was brought to recover that sum. The plaintiff was allowed, over the defendant's objection, to give evidence of a parol agreement that he should be paid each week for the work done, and the question involved on this appeal is whether that constituted a variance of the written contract.

There can be no doubt that the writing constituted a complete and enforceable contract. The time of payment not having been specified, the law fixes it, and the legal effect of the instrument must be considered as the contract which the parties made. In legal contemplation, the plaintiff contracted upon the completion of the work to pay the stipulated prices. The time of payment was as much a part of the contract as though it had been expressly stated in the writing, and to permit one of the parties to show an oral agreement, specifying a different time of payment, is a plain violation of the rule that written contracts may not be varied by proof of the verbal arrangement.

Baker v. Higgins, 21 N. Y. 397, is directly in point. While the respondent says that that case was overruled by Chapin v. Dobson,

78 N. Y. 74, 34 Am. Rep. 512, it was not mentioned in the opinion in the latter case, which in fact decided an entirely different proposition, namely, that the rule did not apply to a collateral undertaking, and that, although the contract of purchase and sale involved in the case was in writing, it was permissible to show an oral guaranty that the machines, the subject of the contract, would work to the satisfaction of the vendee. That case was distinguished in Eighmie v. Taylor, 98 N. Y. 288, in which it was held that a warranty relating to the present condition of the goods sold was not collateral and could not be proved if the contract of sale was in writing.

We think that the principle of Baker v. Higgins is sound. It is as much a variance to show that the parties intended something different from the legal effect of the contract as it is to vary the express terms. Thompson v. Ketchum, 8 Johns. 189, 5 Am. Dec. 332; La Farge v. Rickert, 5 Wend. 187, 21 Am. Dec. 209; Creery v. Holly, 14 Wend. 26.

The judgment and order should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.