Allen, J.
This is an appeal from a judgment of the Special Term dismissing the complaint after a trial. On June 15th, 1885, the plaintiff made a contract in writing with the defendants, by which it agreed to furnish and finish the woodwork in three houses of the defendants in 123d Street in the City of New York, by the first day of September, 1885. Disputes having arisen between the parties, they agreed to arbitrate these differences, and on September 9th, 1885, a submission to arbitration was drawn up and signed, and the plaintiff was allowed, subject to defendants’ claim for damages by delay, to go on and finish the work, which was completed in March, 1886. The arbitators commenced their proceedings in March, and continued them until December, 1886, when they agreed upon an award. On the 18th day of March, 1886, the plaintiff filed a mechanic’s lien in the office of the county clerk, and in *17 February, 1887, and after tbe award had been made by the arbitrators, commenced this action to foreclose such lien. The defendants’ answer set up the submission to arbitration and award, as a plea in bar. The plaintiff served a reply to this defense, setting forth several grounds upon which it claimed that the award was not binding. The court held that the defendants’ plea of arbitrament and award was a good defense to the action, and dismissed the complaint. The only subject presented for examination and decision upon this appeal is the validity of the award of the arbitrators.
It is objected that the arbitrators did not pass upon all the questions submitted to them. From the written submission it appears “ that all questions and disputes arising and to arise under said contract, including all claims of either party for damages for non-performance, delay, or otherwise ” were submitted to the arbitrators. All the matters which, it is claimed, the arbitrators failed to pass upon, have reference to damages alleged to have been suffered by the plaintiff by reason of the defendants’ delay, interference, or misconduct. These matters might have been and probably were considered in adjusting the amount of damages to be awarded to the defendants on account of the non-performance or delay of the plaintiff. There is nothing on the face of the award to show that they did not pass upon these claims, and there is no proof that they did not. We do not know what proofs were before the arbitrators on this subject. There may have been none, or the arbitrators may have found that these claims were not sufficiently proved, or they may have regarded them as established and applied them in reduction of the defendants’ damages. The submission was a general one, and when this is so an award of a sum of money as due from one party to the other .will be presumed to be a full execution of the submission. We do not think that the award upon its face is inconsistent with a decision of all the questions submitted; when this is the case and the arbitrators state that they have passed upon all the proofs and allegations of the parties as submitted, in the absence of proof that they did not, there is a conclusive presumption that all questions submitted were passed upon. *18 The courts are always inclined to support the validity of an award, and will make every reasonable intendment and presumption in favor of its being a final, certain, and sufficient termination of the matters in dispute. The matters in dispute appeared to be the value of the material and labor furnished and performed by the plaintiff and extra work, the amount received on account, thereof, and the claims of either party for non-performance and delay. The reasonable intendment is that the arbitrators, in finding that the defendants had suffered certain damages by reason of the plaintiff’s delay, passed upon the claims of both parties for non-performance, delay, or otherwise, and either found that the plaintiff had proved no damages, or considered such damages as he may have proved in awarding the sum they did allow to the defendants. We do not think that it appears that the arbitrators neglected or refused to determine or pass upon any of the questions submitted to them.
The other objections of the appellant to the award will be briefly considered. Both parties admit that the arbitration in this case was a common law arbitration; therefore section 2872 of the Code in reference to the filing or delivery of the award does not apply, as that section refers exclusively to arbitrations under the Code. Delivering of the award to both parties is essential in common law arbitrations where by the terms of the submission the award is to be made within a certain time. In the absence of any such provision the award is good before delivering. The cases cited by the learned counsel for the appellant were decided upon the ground that by the terms of the submission the award was to be delivered on or before a certain day. No time was fixed for the delivering of the award in this case. The commencement of this suit was not a revocation of the arbitration. Section 2383 of the Code of Civil Procedure applies to all arbitrations. That section provides that a revocation, when allowed, must be made by an instrument in writing signed by the revoking party or his authorized agent and delivered to the arbitrators or one of them.
We think the arbitrators had authority to charge the plain *19 tiff with the fees and expenses of the arbitration. There is some conflict in the decisions of other states as to the power of arbitrators in the matter of awarding costs of the arbitration, but in this state, the rule may be regarded as well established, that the power is incident to the authority of the arbitrators, and that it is not essential that it should be conferred in terms by the submission (Nichols v. (Rensselaer Co. Mut. Ins. Co., 22 Wend. 125 ; Cox v. Jagger, 2 Co wen 638 ; Strang v. Ferguson, 14 Johns. 161).
We agree with the learned judge before whom the case was tried that it was not proved that the arbitrators were not impartial and disinterested between the parties or that in making their award they acted, improperly, dishonestly, or partially, or were moved by corrupt, improper, or dishonest motives ; and we also agree with him in his conclusions that the right to file the notice of mechanic’s lien was waived and surrendered by the submission and arbitration, and that the plaintiff has. no right in this action to recover the amount which the award declares to be due from the defendants.
We can discover no error in the judgment of the Special Term, and think it should be affirmed.
Larremore, Ch. J., concurred.
Judgment affirmed. *

 The judgment entered upon this decision was affirmed upon appeal to the Court of Appeals, February 25th, 1980 (see 119 N. Y. 475).