In the Matter of the Application of HENRY T. SCOTT and FRANCIS BURTON HARRISON, as Trustees for VIRGINIA RANDOLPH HARRISON and BARBARA HARRISON under the Last Will and Testament of MARY BURTON HARRISON, Deceased, Respondents, for an Order Directing that the Arbitration Provided for in a Certain Agreement in Writing between MARY BURTON HARRISON, Deceased, and the KNICKERBOCKER TRUST COMPANY, Dated December 10, 1904, Proceed Pursuant to the Provisions Thereof and of the Arbitration Law.

COLUMBIA TRUST COMPANY, Successor to KNICKERBOCKER TRUST COMPANY, Appellant.

First Department, April 7, 1922.

Arbitration — proceedings to compel arbitration under agreement therefor — agreement not to prosecute for encroachment of building unless encroaching party built higher and then to arbitrate damages — agreement not revoked by death of party — agreement constituted covenant running with land — arbitration may be compelled under agreement.

On an application to compel the appellant to proceed to arbitration pursuant to the terms of a contract agreement entered into by the appellant's predecessor and the petitioners' testatrix, it appeared that in order to avoid litigation between the appellant's predecessor and the testatrix over an alleged encroachment of a building of the appellant's predecessor upon the public highway, which the testatrix, owner of an adjoining building, claimed injured her property, an agreement was entered into whereby the appellant's predecessor agreed that the testatrix should have the right to fully and freely use the light and air over its building as it then existed, for the benefit of her property for a period of fifty years, and she agreed for a like period not to institute proceedings based on the encroachment. It was further provided by the agreement that in case the appellant's predecessor did build its building higher, then it would pay to the testatrix a sum of money as damages because of the encroachment, which sum was to be ascertained and determined by a board of arbitration to be selected as provided in the agreement. It was mutually covenanted and agreed that the agreement should be binding upon and accrue to the benefit of the parties thereto, their heirs, successors or assigns.

*Held,* that said agreement was not personal to the testatrix but constituted a covenant running with the land, and that neither the cause of action abated

nor was the agreement to select arbitrators revoked by her death, and that her representatives could enforce said agreement and compel arbitration thereunder. The agreement was valid and enforcible, for the rule is that a person may covenant that no right of action will accrue until a third person or persons shall determine the measure of the liability of the covenantor and the amount to which the covenantee shall be entitled.

APPEAL by the Columbia Trust Company from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 26th day of July, 1921, directing the petitioners herein and the Columbia Trust Company to proceed to arbitration in accordance with the terms of a certain agreement dated the 10th day of December, 1904, between Mary Burton Harrison and the Knickerbocker Trust Company.

*Davies, Auerbach & Cornell* [*Martin A. Schenck* of counsel; *Charles H. Tuttle* with him on the brief], for the appellant.

*Frank M. Patterson* of counsel [*M. Mackenzie* with him on the brief], for the respondents.

PAGE, J.:

In December, 1904, the Knickerbocker Trust Company was the owner of premises on the northwest corner of Thirty-fourth street and Fifth avenue in the borough of Manhattan, city of New York, and had recently erected thereon a building with stone pillars, encroaching upon the sidewalk of Fifth avenue. Mary Burton Harrison, in 1902, became the owner of the premises adjoining the trust company property on the north. She claimed that she had sustained and would sustain an injury to her property by reason of the encroachment of the building of the trust company upon the public highway. To avoid litigation the parties entered into a written agreement whereby the trust company agreed that Mrs. Harrison should have the right to fully and freely use the light and air over its building, as it then existed, for the benefit of her property, for a period of fifty years. Mrs. Harrison on her part agreed, for a like period, not to institute any proceedings or action of any form or character whatsoever having for its object or purpose to compel the trust company to remove the encroachment or to recover damages for the maintenance of the same. Those agreements were subject to the other provisions of the contract, one of which was that the trust company had the right to build up its building in such a way as to cut off, diminish or interfere with the full and free use of the south light as it then existed; and if it should so build up its building without removing the encroachments on Fifth avenue, the trust company agreed to pay to Mrs. Harrison, her heirs or assigns, a sum of money as damages

to her premises arising from the erection and perpetual maintenance of the encroachment. If the trust company should at any time build up on its property in the manner above described, after the removing of the said encroachments, then the trust company agreed to pay Mrs. Harrison, her heirs or assigns, a sum of money as damages for the erection and maintenance of the said encroachment from the date of their erection to the time of their removal; the amount of which said sum of money, in either event, was to be ascertained and determined by a board of arbitration to be selected as in said agreement was provided. It was mutually covenanted and agreed that the agreement should be binding upon and accrue to the benefit of the parties thereto, their heirs, successors or assigns. This agreement was duly recorded in the office of the register of New York county.

Mary Burton Harrison died in 1905, leaving a last will and testament, the terms of which were construed in an action in the Supreme Court, as a result whereof two-thirds of the real and personal estate of Mary Burton Harrison, deceased, was turned over to and vested in Henry T. Scott and Francis Burton Harrison, as trustees, and one-third thereof was turned over to and vested in Francis Burton Harrison, individually. After the making of the agreement the Knickerbocker Trust Company was merged in and became a part of the Columbia Trust Company, and the Columbia Trust Company assumed and agreed to discharge all of the liabilities and agreements of the Knickerbocker Trust Company, including the agreement above set forth.

During the year 1920 the encroachments above referred to were removed, and the trust company building was built up several stories, cutting off, diminishing and interfering with the full and free use of the south light of the premises formerly belonging to Mrs. Harrison.

As a result of correspondence between the attorney for the trustees and Francis Burton Harrison, and the officers of the Columbia Trust Company, arbitrators were selected by the parties, who selected a third. When, however, the formal agreement regulating the proceedings to be had before the arbitrators was submitted to the attorneys for the Columbia Trust Company, after some delay, they assumed the position that the provision for arbitration in the agreement of December, 1904, was automatically revoked by the death of Mary Burton Harrison, and on April 19, 1921, refused on the part of the Columbia Trust Company to proceed with the arbitration.

Henry T. Scott and Francis Burton Harrison, as trustees, and Francis Burton Harrison individually, thereupon petitioned the

court for an order directing that the arbitration proceed in the manner provided in said agreement.

The learned counsel for the appellants contends that this agreement is the personal agreement of Mary Burton Harrison, and that the damages to be paid are such as would accrue to her in case of the termination in her lifetime of the lease of her building, which had a number of years to run and under which the tenant was in possession at the time of the construction of the encroachment.

In my opinion the agreement cannot be so construed. The agreement recognized the existence of the encroachment to be a present and continuing nuisance. In consideration of the agreement on the part of the trust company not to build up its structure in such manner as to cut off the south light from Mrs. Harrison's building for a period of fifty years, she agreed for a like period not to bring an action to remove, or to recover damages for the maintenance of, the encroachment. Such an agreement was necessary to prevent the trust company from acquiring a prescriptive right to continue the encroachment. (*Galway* v. *M. E. R. Co.*, 128 N. Y. 132, 153; *Ackerman* v. *True*, 175 id. 353, 362.) This agreement amounted to a license on the part of Mrs. Harrison to the maintenance of the encroachment, and, as a known right to its maintenance could be shown, no right could be acquired by prescription. A right by prescription only arises from long-continued use or possession where no other title to what is claimed can be shown, the law implying a grant from the fact of continued use or possession without objection. If other title can be shown, no right by prescription can arise; the possession or use will be held to be under the known title.

This license was terminable by the trust company at any time. If, however, it exercised this right and built upon its property in such a way as to cut off, diminish or interfere with the full and free use of the south light, the trust company agreed to pay Mrs. Harrison, her heirs or assigns a sum of money as damages. If the trust company's property was built up without removing the encroachment, the damage was to be in such sum as would compensate for a perpetual right to its continuance. If the encroachment was removed at the time of the building, then the damages were to be such as were caused by the erecting and maintenance of the encroachment from the date of the erection to the time of its removal.

The right to bring an action or proceeding to remove the encroachment or to recover damages for the maintenance thereof was expressly waived. Nor was the right to bring an action on the original cause of action revived. The trust company agreed to pay

the sum of money " the amount of which * * * shall be ascertained and determined by a board of arbitrators agreed to be selected as hereinafter provided for, to be the damages that have been and that will be sustained by " Mrs. Harrison.

The trust company obligated itself to pay as damages the amount ascertained and determined by the arbitrators, and Mrs. Harrison or her heirs or assigns, could only demand an amount so ascertained and determined. The ascertainment and determination was a condition precedent to the right to demand and receive the damages.

This brings the case within the well-settled authorities that a person may covenant that no right of action will accrue until a third person or persons shall determine the measure of the liability of the covenantor, and the amount to which the covenantee shall be entitled. Such agreements were held enforcible, even at the time when an agreement to arbitrate an existing cause of action was held void as attempting to oust the courts of their jurisdiction. (*President, etc., D. & H. Canal Co.* v. *Pennsylvania Coal Co.*, 50 N. Y. 250, 264.)

The appellant contends that this agreement was personal to Mrs. Harrison and was revoked by her death. The agreement, in terms, provides that " It is further mutually covenanted and agreed by and between the respective parties hereto that this contract or agreement is and shall be binding upon and accrue to the benefit of the parties hereto, their heirs, successors or assigns." The agreement was to pay damages suffered to the freehold by the continuance of a nuisance. The right of action was taken away and in place thereof was an agreement to pay damages to Mrs. Harrison, her heirs or assigns. This constituted a covenant running with the land. The immunity from action secured to the trust company has been enjoyed by it and its successors for fifteen years subsequent to Mrs. Harrison's death. The agreement to abstain from action at law ran for fifty years, subject to being terminated at any time by the trust company, its successors or assigns. It is clear, in my opinion, that the damages were not personal to Mrs. Harrison, and that neither was the cause of action abated nor the agreement to select arbitrators revoked by her death.

The parties hereto have already selected their arbitrators, and they should proceed to ascertain and determine the damages pursuant to the agreement.

The order will, therefore, be affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., LAUGHLIN, DOWLING and MERRELL, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.