RAHE MATCH COMPANY and Another, Appellants, *v.* WORLD MATCH CORPORATION, LIMITED, Respondent.

First Department, July 6, 1925.

Contracts — action on contract executed by plaintiffs and defendant's assignor — contract granted full and exclusive license to manufacture and sell patented article or to sell foreign patents or exclusive license — defendant agreed in assignment of contract to assume all obligations of assignor — contract provided for payment of certain sums to plaintiffs on sale of license in countries specified — answer does not deny principal agreement — answer sets up defense that assignment through mutual mistake does not contain true agreement, that assignment does not constitute sale of patents, and prior action pending — answer raises issue — motion under Rules of Civil Practice, rules 113, 114, to strike out answer as to certain causes of action and for summary partial judgment properly denied — complaint states cause of action — motion under Rules of Civil Practice, rule 112, and Civil Practice Act, § 476, for judgment dismissing complaint for insufficiency improperly granted.

In an action to recover on a contract executed by the plaintiffs and the defendant's assignor under which the plaintiffs granted to defendant's assignor the full and exclusive right to manufacture, use and sell a certain patented machine, with privilege to sell any foreign patents or an exclusive license thereunder at a stipulated rate, which action is based on the theory that the defendant is liable since it assumed and agreed to pay the obligations of its assignor, and that the assignment constituted a sale of the various patents, the answer which does not deny the execution of the principal agreement but sets up as a defense that the assignment, because of mutual mistake, does not contain the true agreement entered into between the defendant and its assignor, and also that the assignment does not constitute a sale of the patents in the United States or foreign countries, and that a prior action is pending between the same parties for the same cause of action, raises material issues which cannot be disposed of on a motion for summary judgment on the pleadings under rules 113 and 114 of the Rules of Civil Practice, and, therefore, the court properly refused to grant plaintiffs' motion to strike out the answer in so far as it relates to certain of the causes of action and to grant the plaintiffs partial judgment upon said causes of action.

The complaint sets forth a good cause of action upon the original agreement and the assignment thereof to the defendant, since, according to the allegations, the conditions under which the payments were to become due under the original agreement have been fulfilled by the terms and provisions of the assignment.

A motion for judgment dismissing such complaint for insufficiency under rule 112 of the Rules of Civil Practice and section 476 of the Civil Practice Act was improperly granted.

APPEAL by the plaintiffs, Rahe Match Company and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 25th day of August, 1924, denying plaintiffs' motion made

First Department, July, 1925. [Vol. 213

pursuant to rules 113 and 114 of the Rules of Civil Practice for summary judgment on the pleadings as to a part of the causes of action, and granting defendant's cross motion made under rule 112 of the Rules of Civil Practice and section 476 of the Civil Practice Act for judgment dismissing the complaint on the ground that it does not allege facts sufficient to constitute a cause of action against the defendant, and also from a judgment entered in said clerk's office on the 28th day of August, 1924, pursuant to said order.

*George D. Zahm,* for the appellants.

*Larkin, Rathbone & Perry* [*Albert Stickney* of counsel], for the respondent.

Dowling, J.:

The complaint herein sets forth thirteen separate causes of action. Briefly stated, the facts are that the plaintiffs on November 5, 1915, entered into a written contract called a license agreement with the American Splint Corporation under the terms whereof the Splint Corporation was granted " the full and exclusive right to manufacture, use and sell " a certain invention on match-making machines owned by the plaintiff Rahe Match Company " throughout the United States and Territories of the United States, the foreign countries referred to as the ones in which patents on the invention have issued or been applied for, and in all other countries of the world, said license to continue for the full term of the aforesaid patents, or any of them, or of any improvements on the invention for which patents may be issued." By the 5th paragraph of this contract the American Splint Corporation was given " the right to sell any of the aforesaid foreign patents, or an exclusive license thereunder, in which case the sum of Fifteen thousand ($15,000) Dollars for the patents in each and every country except Russia shall be paid to the said Rahe, and in case of the sale of the patent or patents in Russia, or the license thereunder, Twenty-five thousand ($25,000) Dollars shall be paid to the said Rahe, and the surplus above the amounts mentioned shall accrue to the party of the second part; and in case of the sale of the patents of the United States or the license thereunder, the sum of Fifty thousand ($50,000) Dollars shall be paid to the said Rahe, and the surplus above said amount shall accrue to the party of the second part." Under date of November 27, 1923, the American Splint Corporation entered into an agreement in writing with the defendant World Match Corporation, Limited, as follows:

" The American Splint Corporation, a New Jersey Corporation, for value received, does hereby sell, assign, transfer and set over

unto the World Match Corporation, Limited, a Canadian corporation, all its right, title and interest in a certain contract made between the Rahe Match Company, a New York Corporation, and Samuel E. Rahe, Borough of Brooklyn, State of New York, and the American Splint Corporation, a New Jersey Corporation, and in consideration thereof, the World Match Corporation, Limited, a Canadian Corporation, agrees to assume all of the obligations and liabilities of the American Splint Corporation under said contract, and to save the American Splint Corporation harmless of any liabilities thereunder accruing subsequent to this date.

" IN WITNESS WHEREOF the said American Splint Corporation and the said World Match Corporation, Limited, have caused this instrument to be executed in their name by the treasurer of The American Splint Corporation and the president of the World Match Corporation, Limited, and their corporate seal to be affixed this 27th day of November, 1923.

" AMERICAN SPLINT CORPORATION,

· " By FRED LEWIS,

" *Treasurer.*

" WORLD MATCH CORPORATION, LTD.

" Witnesses:                         By THOMAS L. BRIGGS,

     " EDNA J. KANE                              *President.*

     " ROBERT J. MACMICHAEL

" Approved for World Match Corporation, Limited,

" F. ATTERBERG."

It is plaintiffs' contention that by virtue of this agreement, the American Splint Corporation sold to the World Corporation, an exclusive license under the various patents forming the subject of the license agreement between the plaintiffs and the Splint Corporation, by reason whereof the Splint Corporation became obligated to the plaintiffs for the stipulated amounts to be paid under the terms of the agreement upon such sale — an obligation which the defendant World Corporation, under its agreement with the Splint Corporation, assumed and agreed to pay. The judgment demanded is for $240,000, representing the aggregate of the fixed amounts to be paid plaintiffs upon the sale of the exclusive licenses under all the Letters Patent at that time included and subject to the license agreement between the plaintiffs and the Splint Corporation. The basis of the action·against the World Corporation is that under its agreement with the Splint Corporation it assumed and agreed to pay the obligations of said corporation to plaintiffs. The complaint sets forth thirteen causes of action, each country in which letters patent had been issued, or in which applications

for letters patent were pending, forming the subject of a separate and distinct cause of action.

The amended answer of the defendant denied many of the allegations of the complaint but did not deny the making of the agreement above referred to between the plaintiffs and the American Splint Corporation. It denied knowledge or information sufficient to form a belief as to the truth of the allegations: (1) That additional letters patent were issued to Rahe on his invention in the United States; (2) that under and by virtue of the agreement in question the American Splint Corporation acquired, and became vested, subject to the terms and conditions in said agreement set forth, with the full and exclusive right or license to manufacture, use and sell, throughout the States and Territories of the United States, the invention described in the letters patent referred to, for the full terms for which said letters patent were granted, including the right to sell either the said letters patent or an exclusive license thereunder; (3) that under and by virtue of the agreement set forth, the American Splint Corporation sold to the defendant World Match Corporation, Limited, an exclusive license under the United States letters patent referred to in the contract set forth in the complaint, and that by reason thereof the American Splint Corporation became obligated and liable to the plaintiffs under said contract in the sum of $50,000, and the plaintiffs became entitled to receive from said American Splint Corporation the said sum of $50,000, no part of which has been paid.

The amended answer admits that the agreement set forth between the American Splint Corporation and defendant was executed and delivered; but it denominates it an " assignment," and denies that said " assignment " sets forth or contains the actual, true or complete terms or provisions of said agreement, and alleges that the actual agreement so entered into between the parties, of which said " assignment " was a part, was wholly different from the written " assignment," and that through mutual mistake and misapprehension of the parties, viz., American Splint Corporation and this defendant, the complete and actual terms of said agreement were not reduced to writing, nor are they as alleged in the complaint.

For a first complete defense, the answer sets forth that the American Splint Corporation represented to defendant that under the license agreement between it and Rahe, it was obligated to pay him $6,000 per year as royalties, and that if defendant would take over said license agreement it would become liable to indemnify the corporation against liability for royalty payments not exceeding $6,000 per year during the life of the patents and that it would

assume no further obligation or liability. Relying on such representations, defendant accepted the assignment of the license agreement, agreeing only to pay said maximum amount of royalties and no more, and except as aforesaid, the defendant did not agree to assume, nor did it assume, any obligations or liabilities to the plaintiffs, or either of them, in the premises.

The second complete defense denies that the Splint Corporation has any obligation to plaintiffs except to pay the royalties provided for by the license agreement, viz., $2,000 for each match machine made and sold under the patents, five to be made and sold in the first year, three in each succeeding year, or in lieu of such sale to pay Rahe $10,000 for the first year and $6,000 for each succeeding year of the life of the patents.

The third complete defense is that the so-called " assignment " did not constitute a sale of the United States or foreign patents, or any of them, nor an exclusive license thereunder, or the grant thereof, and that defendant never became the vendee nor the exclusive licensee of or under the aforesaid patents, or any of them.

The fourth complete defense is that plaintiffs were not parties to the agreement between the Splint Corporation and the defendant; that they were not in privity with either of said parties in respect to the agreement between them; and that there was no consideration passing either to the defendant or the Splint Corporation from the plaintiffs, or either of them, nor were said agreements made for the purpose or with the intent that they should inure to the use or benefit of plaintiffs or either of them.

The fifth complete defense is an election of remedies in that plaintiffs commenced an action against said American Splint Corporation in the Supreme Court, New York county, wherein the plaintiffs demanded judgment against said American Splint Corporation as defendant in the same amount and upon substantially the same allegations of fact as are contained in plaintiffs' complaint in this action; that the said American Splint Corporation was duly served with process in said action and appeared therein by its attorneys and answered the plaintiffs' complaint, and that said action is now at issue and pending and awaiting trial upon the calendar of this court, and constitutes an election of remedies by the plaintiffs and is a bar to the maintenance of this action, or any part thereof, against this defendant.

The amended answer also contained separate defenses denying the continued existence of the letters patent issued for Russia (eighth cause of action); Mexico (ninth cause of action); Germany (eleventh cause of action); and Austria (twelfth cause of action).

With the pleadings thus presenting the issue, plaintiffs moved for

an order striking out the amended answer in so far as it related to the causes of action numbered " first," " second," " third," " fourth," " fifth," " sixth," " seventh," " tenth " and " thirteenth," and granting partial judgment in favor of the plaintiffs upon said causes of action in the sum of $175,000 with interest. This would have given plaintiffs a recovery for all the countries in which letters patent were alleged to have been issued, except in Russia, Mexico, Germany and Austria, wherein their continued existence was denied by the answer.

In my opinion, the denial of this motion was proper. The denials and separate defenses in the amended answer raise issues which cannot be so summarily disposed of. The rule laid down in *General Investment Co. v. Interborough Rapid Transit Co.* (235 N. Y. 133) is: " A defendant may in all cases successfully oppose an application for summary judgment under the rule by satisfying the court by affidavit or otherwise that he has a real defense to the action and should be allowed to defend. In order that a plaintiff shall succeed on such a motion it must appear from the moving papers and answering affidavits that the defense or denial interposed is sham or frivolous. If a defendant adduces facts upon the hearing of the application which constitute an apparent defense, he should be allowed to defend."

Under this decision of the Court of Appeals, the learned court at Special Term properly denied plaintiffs' motion for partial judgment, and the order appealed from in so far as it denies plaintiffs' motion should be affirmed.

The defendant also moved, pursuant to section 476 of the Civil Practice Act and rule 112 of the Rules of Civil Practice, for judgment in favor of the defendant dismissing the plaintiffs' complaint on the ground that it does not allege facts sufficient to constitute a cause of action. From the granting of this motion plaintiffs also appeal. In my opinion the complaint herein sets forth a good cause of action upon the two written agreements pleaded, the execution and delivery of which is not controverted. The conditions under which payment was to become due under the first have been fulfilled by the terms and provisions of the second. If defendant can establish misrepresentation or mutual mistake in the terms of the second agreement, that is a matter of defense and does not affect the validity of the complaint, which in my opinion sets forth an adequate cause of action.

The order appealed from, in so far as it denies plaintiffs' motion for partial judgment, should be affirmed; in so far as it grants defendant's motion to dismiss the complaint, it (and the judgment of dismissal based thereon) should be reversed, with costs to appel-

lants, together with ten dollars motion costs on the denial of said motion.

CLARKE, P. J., MERRELL, McAVOY and BURR, JJ., concur.

Judgment reversed, with costs, and the order appealed from, in so far as it denies plaintiffs' motion for partial judgment, affirmed; in so far as it grants defendant's motion to dismiss the complaint, reversed, and the motion denied, with ten dollars costs.