BRESCIA CONSTRUCTION COMPANY, INC., Respondent, *v.* WALART CONSTRUCTION COMPANY, INC., Defendant, Impleaded with NEW AMSTERDAM CASUALTY COMPANY, Appellant.

First Department, June 2, 1933.

*Frederick Hulse* of counsel [*Eidlitz & Hulse*, attorneys], for the appellant.

*Meyer Levy* of counsel, for the respondent.

MERRELL, J. Plaintiff brings this action for the foreclosure of a mechanic's lien. In its original complaint the plaintiff alleged that the defendant Walart Construction Company, Inc., was the owner of certain real property described in the complaint. Plaintiff then alleges in said complaint that a contract was entered into between the Walart Company and plaintiff on December 12, 1922, whereby plaintiff was to do certain excavation work for said defendant at an agreed price of $8,700, on which the sum of $7,297.55 was paid, leaving a balance unpaid of $1,402.45. Plaintiff alleges the due performance of the contract and the furnishing of materials required of the plaintiff, and that plaintiff duly completed the same, furnishing extra materials and performing extra work in and about the additional excavating in respect to the additional stone work for foundation walls in the building. The complaint alleges that the agreed price and reasonable value of the contract work, extra work, and the amount paid thereon was as follows:

| | | |
|---|---:|---:|
| Contract work | $8,700 | 00 |
| Extra for excavation | 5,310 | 00 |
| Extra for additional stone work | 4,778 | 20 |
| Total | $18,788 | 20 |
| Amount paid | 7,297 | 55 |
| Leaving a balance of | $11,490 | 65 |

It is alleged by the plaintiff that the labor and materials were furnished by plaintiff for the improvement of the property in question. Plaintiff then alleges the filing of a notice of lien on June 29, 1923, which it alleges was within four months after the completion of the work. It is alleged in the complaint that said notice of lien states the name of the owner, the interest of the owner in the property, the name of the person by whom the plaintiff was employed, the labor performed and materials furnished and agreed price and value thereof, the time when the first and last items of labor and materials were performed and furnished, and a description of the real property. The plaintiff alleges that the lien was discharged by order of the court upon the making and execution by the defendant, appellant, of a bond in the sum of $12,000. The surety company answered in the action, admitting the ownership of the property, the making of the contract, and

that the work and materials performed and furnished by the plaintiff were performed and furnished for the improvement of the real property in question, and also admits the execution of the bond and the discharge of the lien. The defendant, however, denies the due performance of the contract, and denies that the value and agreed price of the extra work were as alleged in the complaint. The defendant, in its answer, denied that the notice of lien was filed within four months from the time the last item of labor was performed and materials were furnished, and denied that the notice of lien set out the labor performed and the materials furnished, together with the agreed price and value thereof, and denied that the time when the first and last items of labor and material were performed and furnished were set out in said notice of lien, and denied the allegations of the complaint that the notice of lien complied with the statute. The amended answer of the Walart Company set up that the contract between the plaintiff and the Walart Company contained a provision requiring that " all questions that may arise under this contract and in the performance of the work thereunder shall be submitted to arbitration at the choice of either of the parties hereto," and that the said Walart Construction Company, Inc., elected to arbitrate and had demanded arbitration. The affidavit of Antonio M. Brescia, president of the plaintiff, was read in support of the plaintiff's application for summary judgment. It appears therefrom that plaintiff acceded to the demand of the Walart Company for arbitration, and that the arbitration was thereupon had and that an award was made in favor of plaintiff by the arbitrators for the sum of $10,941.60, with interest on $1,400 thereof from June 12, 1923. After the award was made the plaintiff served a supplemental complaint in which it alleged that after the commencement of the present action arbitration was demanded, and that the plaintiff acceded to such demand, and that arbitrators were appointed, and that all the parties, including the defendant, appellant, appeared before the arbitrators and adduced proof for and against the issues raised by the pleadings, and that the arbitrators admitted that the plaintiff duly performed the work and furnished the materials, as alleged in the complaint, and that the arbitrators found there was due plaintiff therefor $10,941.60, and that judgment was entered against both defendants for the sum of $11,807.62. By the amended answer of the defendant, appellant, to plaintiff's supplemental complaint, the allegations of the supplemental complaint are substantially admitted, except that the defendant, appellant, denied that there was adduced before the arbitrators testimony respecting all the issues raised by the pleadings. The contract between

plaintiff and Walart Construction Company, Inc., provided that " the decision of the arbitrators upon any question subject to arbitration under this contract *shall be a condition precedent to any right of legal action.*" (Italics are the writer's.)

It, therefore, clearly appears from the pleadings and the affidavits filed on plaintiff's application for summary judgment that the issues arising with reference to the performance of the contract and the amount and value of the extra work were passed upon and decided by the arbitrators, and that the issues raised by the amended answer of the surety company to plaintiff's supplemental complaint which would determine the validity of the lien, viz., whether it was filed within the time required by law, and whether it contained the facts required to be set forth pursuant to section 9 of the Lien Law, have never been passed upon or tried.

There can be no question that in order to recover of the defendant, appellant, it must appear that the notice of lien was valid. The bond itself complied with the requirement of the Lien Law, section 19, subdivision 4, the condition of said bond being as follows: " Now, the condition of this obligation is such, that if the above bounden Walart Construction Co., Inc. shall well and truly pay any judgment which may be rendered against said property in favor of the aforesaid lienor." The bond takes the place of the real property upon which the lien was asserted. (*Morton* v. *Tucker*, 145 N. Y. 244.) There can be no obligation on the part of the surety if the notice of lien in any respect fails.

We are of the opinion that the pleadings present several issues of fact affecting the validity of the notice of lien which may not have been determined and which can only be decided after a trial before a court or jury. We think the following undetermined issues are presented: *First*, as to whether the filing of the notice of lien was timely. Plaintiff, in the complaint, alleges that it filed the notice of lien within four months after the completion of the contract and within four months after the last item of work was performed and materials furnished. In the defendant's answer this allegation is denied. Section 10 of the Lien Law provides that notice of lien must be filed within four months of the time the last item of work is performed or materials furnished. In its complaint the plaintiff alleges that the lien in question was filed on June 29, 1923, and it was incumbent upon plaintiff to produce proof that the last item of labor was performed or materials furnished within four months from June 29, 1923, when the notice of lien was filed.

We also think an issue is presented as to whether the notice of lien states the labor which was performed and the materials fur-

nished. It is so alleged in the complaint, but such allegation is denied in the answer of the defendant surety company. Subdivision 4 of section 9 of the Lien Law requires that the notice of lien shall state the labor performed and the materials furnished. The notice of lien is not attached to the complaint, and in order to sustain the lien plaintiff is required to prove that the labor performed and materials furnished, for which it claims a lien and for which the arbitrators made an award, were properly and specifically described in the notice of lien. Proof is, therefore, necessary to determine what the facts are.

We also think an issue was presented as to whether the notice of lien stated the agreed price or value of the materials. The complaint alleges that the notice of lien did state the agreed price and value of the labor performed and materials furnished, but this allegation is denied in the answer of the defendant. The law requires such statement in the notice, and proof thereof must be by production of the notice of lien in evidence and proof that the statement is substantially correct. The notice is not produced by plaintiff, but a copy of it appears attached to the affidavit read in opposition to the motion. The notice substantially states that the agreed price and value of the labor is $8,178.39, and of the materials, $3,312.26, which amounts to $11,490.65. Thus, the the statement in the notice of lien is that the value or agreed price of the labor and materials is $11,490.65, and that the amount unpaid thereon is in that sum. The complaint, however, alleges that the agreed price and reasonable value of the labor performed and materials furnished is the sum of $18,788.20, upon which has been paid the sum of $7,297.55, leaving a balance of $11,490.65. We do not think that the notice of lien, a copy of which is furnished in opposition to plaintiff's motion, complies with the requirement that the agreed price or value of materials must be stated in the notice of lien. It will appear, therefore, when the plaintiff, at the trial, submits its notice of lien in evidence, that it does not conform to the requirements of the statute. In short, the notice of lien has not stated the value of the labor performed and materials furnished, but merely has stated the amount unpaid as the whole value of the services performed and materials furnished. This very question arose in the case of *Mitchell* v. *Dunmore Realty Co.* (126 App. Div. 829) where Mr. Justice SCOTT, writing for this court, said (at p. 833), referring to subdivision 4 of section 9 of the Lien Law: "This plainly requires that the notice shall state the whole value of the labor and materials, as well as the amount remaining unpaid, and one requirement is as imperative as the other. The complaint shows that the total value of the work done and

materials furnished was $111,771.85, less $1,263, the value of the part left undone. The notice of lien states that the agreed price and value of said labor and materials was $42,868.31, and the amount unpaid is $41,605.31. This cannot, under the most liberal construction, be deemed a compliance with the requirements of the Lien Law, if the notice of lien is to be understood as referring to the same contract that is set forth in the complaint."

In a later appeal in *Mitchell* v. *Dunmore Realty Co.* (156 App. Div. 117) a copy of the notice of lien was attached to the complaint and the sufficiency of the notice arose on demurrer to the complaint. In the present case no notice of lien is attached to the complaint, and, therefore, the validity of the notice of lien cannot be attacked until it is offered in evidence at the trial.

We, further, think an issue of fact is presented as to whether the notice of lien properly stated the time when the first and last items of work and materials were furnished. The plaintiff alleges such to be the fact, but this allegation is denied by the answer. Subdivision 6 of section 9 of the Lien Law requires that the notice contain such statement. The proofs must show that the dates are substantially correct. The pleadings, as they stand, show only that the plaintiff was entitled to a personal judgment against the defendant Walart Construction Company, Inc. In *Toop* v. *Smith* (181 N. Y. 283) the Court of Appeals stated that " a mechanic's lien never comes into existence unless the notice upon which it is founded substantially complies with the statute which authorizes the creation of such liens." All of the allegations of the complaint, which, if true, would sustain the lien, are denied by the answer of the defendant. There is no suggestion that the denials contained in the defendant's answer are not made in good faith. We think it affirmatively appears upon the papers that the plaintiff's notice of lien is invalid. Had the notice of lien been attached to the complaint, the defendant, appellant, in accordance with the decision in *Mitchell* v. *Dunmore Realty Co.* (156 App. Div. 117), would be entitled to judgment on the pleadings.

We, furthermore, think that the plaintiff has failed to comply with the provisions of rule 113 of the Rules of Civil Practice. This rule provides that an answer may be stricken out on the affidavit of the plaintiff or any other person having knowledge of the facts " setting forth such evidentiary facts as shall establish the cause of action sufficient to entitle plaintiff to judgment, and his belief that there is no defense to the action." The affidavit in support of the plaintiff's motion for summary judgment, after stating that the affiant believes there is no defense to the action, continues: " Now, at the present stage of this action, there is presented no triable

issue. The ownership of the property is not disputed; that the plaintiff had a contract with the defendant, Walart Construction Company, Inc. is admitted, that there was a mechanic's lien duly filed in the county clerk's office of Bronx County at the time stated in the complaint is specifically admitted in the answers and remains unchallenged; that the defendant, New Amsterdam Casualty Company, furnished a bond on which it is the surety, to discharge the said mechanic's lien pursuant to an order made herein, is likewise admitted.

" It is further not disputed that the work which was done, which was the subject-matter of the arbitration, went into the construction of the building on the said premises, and into the improvement thereof.

" Therefore, the sole question which could have remained, was, what work, labor and services did the plaintiff perform, and what was the amount thereof?

" These two possible triable issues have been fully litigated and disposed of in favor of the plaintiff by the award thus made and duly confirmed by this Court, together with the entry of the judgment thereon against both defendants."

Nowhere in the affidavit, however, are any " evidentiary facts " establishing the validity of the plaintiff's notice of lien set forth. While the answer admits the allegation of the complaint that plaintiff filed a notice of lien on June 29, 1923, the answer denies that the requirements of the statute are contained in such notice. It would seem that plaintiff was under duty bound to submit a copy of the notice of lien and the affidavit of someone having knowledge setting forth facts from which it would appear that the notice of lien was timely filed, and what the labor performed and materials furnished consisted of, to the end that the court might determine whether there was compliance with the statute in the notice of lien, and from which it would appear that the notice of lien stated the agreed price and reasonable value of the whole labor performed and materials furnished at the time when the first and last items of work and materials were performed and furnished, and not merely the amount unpaid thereon, as was stated in the notice of lien. In *Hallgarten* v. *Wolkenstein* (204 App. Div. 487) Judge PAGE, writing for this court, said (at p. 490): " Rule 113 of the Rules of Civil Practice explicitly provides: ' The answer may be struck out and judgment entered thereon on motion, and the affidavit of the plaintiff or of any other person having knowledge of the facts, verifying the cause of action.' Which means that the facts stated in the affidavit of the plaintiff or other person having knowledge of them who would be competent to testify to the facts upon the trial, must prove the cause of action stated in the complaint to be true."

The requirement that the moving party shall so show "such evidentiary facts as shall establish the cause of action sufficient to entitle plaintiff to judgment" has been most strictly construed by the Court of Appeals. In *Curry* v. *MacKenzie* (239 N. Y. 267) Judge CARDOZO, in the course of his opinion in that case, said: "There must be supporting affidavits proving the cause of action, and that clearly and completely, by affiants who speak with knowledge." (Cited in *Lonsky* v. *Bank of United States*, 220 App. Div. 194.)

The defendant surety company has shown facts which, we think, entitle it to defend the action, notwithstanding that the burden was upon the plaintiff to produce proof showing that its notice of lien in all respects complied with the statute. Knowledge of the facts is wholly with the plaintiff, but the plaintiff produced no copy of its notice of lien which, compared with the allegations of the complaint, clearly shows its invalidity.

The contract itself discloses that no cause of action had accrued at the time the present action was commenced. In *General Investment Co.* v. *Interborough Rapid Transit Co.* (235 N. Y. 133, 139) the Court of Appeals stated: "A defendant may in all cases successfully oppose an application for summary judgment under the rule by satisfying the court by affidavit or otherwise that he has a real defense to the action and should be allowed to defend." (*Rahe Match Co.* v. *World Match Corp., Ltd.*, 213 App. Div. 729, 734.)

In *Dwan* v. *Massarene* (199 App. Div. 872) Judge PAGE, writing for this court, said (at p. 879): "The power [of awarding summary judgment] is given to the court, but it is needless to say that it must be exercised with care and not extended beyond its just limits. The court is not authorized to try the issue, but is to determine whether there is an issue to be tried."

It may be added that the record on the present appeal discloses that the court made findings of fact and conclusions of law. We can see no justification therefor until after a trial of the issues by the court. (Civ. Prac. Act, § 440.)

We think, furthermore, that the plaintiff has waived any right to foreclose its lien by its entry into the arbitration proceedings under the provisions of the contract between it and the Walart Company. In the answer of the defendant, appellant, the arbitration proceedings are alleged and the award and judgment entered thereon are alleged as a bar to the present action. All disputes arising under the contract and in the performance of the work were, under the terms of the contract, to be arbitrated, and it must be presumed that all such controversies were disposed of in the arbitration proceedings. (*New York Lumber & Woodworking Co.* v. *Schneider*, 15 Daly, 15;

affd., with opinion, 119 N. Y. 475, 481.) Indeed, the plaintiff, in the affidavit of its president, Antonio M. Brescia, admits such to be the fact. After an award was made in the arbitration proceedings, the plaintiff moved to confirm the award and for judgment thereon. We think the arbitration provision in the contract and the proceedings thereon taken before the arbitratiors, the making of the award, and the confirmation thereof, and the rendition of judgment thereon, constituted an abandonment of the right to the lien asserted by the plaintiff, and that the judgment entered upon the award at plaintiff's instance barred any other judgment on the cause of action alleged in the complaint. (*New York Lumber & Woodworking Co.* v. *Schneider*, 15 Daly, 15; affd., with opinion, 119 N. Y. 475; *Matter of Young* v. *Crescent Development Co.*, 240 id. 244.) In the *New York Lumber & Woodworking Co.* case the arbitration proceedings were commenced in March, 1886, and the award was made in the following December. On March 18, 1886, the plaintiff filed a notice of lien, and, after the award had been made, brought action to foreclose the lien. The answer, as in the present case, set up the arbitration and award as a plea in bar. The court at the trial held that the plea of arbitration and award constituted a good defense, and dismissed the complaint. In that case the General Term (15 Daly, 15) said: "We also agree with him [the trial judge] in his conclusions that the right to file the notice of mechanic's lien was waived and surrendered by the submission and arbitration, and that the plaintiff has no right in this action to recover the amount which the award declares to be due from the defendants." The Court of Appeals, in affirming the General Term (119 N. Y. 475, 479), said: "After parties have been heard before such a tribunal of their own choosing, upon the matters in difference between them, litigation is at an end on that head. Any other rule would be intolerable."

Finally, even assuming that the present action survives the judgment entered upon the award of the arbitrators, nevertheless, the present action was prematurely brought. *When the present action was commenced* to foreclose the lien, some part of the amount earned by the lienor must be due and payable. As was said in *Johnson Service Co.* v. *Hildebrand* (149 App. Div. 680, 682): "It is not essential that the entire amount earned by a lienor shall be due and payable at the time his action to foreclose the lien is commenced, but it is essential that some part thereof shall be then due and payable." At the time the present action was commenced no part of the amount earned by the lienor was due and payable. The contract provided that "the decision of the arbitrators upon any question subject to arbitration under this contract shall be a condition precedent to any right of legal action."

In *Matter of Scott* (200 App. Div. 599; affd., 234 N. Y. 539, without opinion) the Appellate Division said: " This brings the case within the well-settled authorities that a person may covenant that no right of action will accrue until a third person or persons shall determine the measure of the liability of the covenantor, and the amount to which the covenantee shall be entitled. Such agreements were held enforcible, even at the time when an agreement to arbitrate an existing cause of action was held void as attempting to oust the courts of their jurisdiction."

The present action was brought in November, 1923. The amended answer of the defendant Walart Construction Company, Inc., alleged as a defense the arbitration clause of the agreement and also set up the fact that it had demanded arbitration and had appointed its arbitrator, and that " the plaintiff acceded to such demand and it appointed its arbitrator, .and this court appointed a third arbitrator or umpire." The arbitration proceeding was had and an award was made in favor of plaintiff in the sum of $10,491.60. The award was dated June 14, 1932, and filed in the office of the county clerk on the same day. Therefore, under the terms of the contract, nothing became due plaintiff until the date when the award was filed, which was nearly nine years after the present action was commenced. The complaint in an action prematurely brought should be dismissed on motion at the trial or judgment directed in favor of defendant. (*Lenco, Inc.*, v. *Hirschfeld*, 247 N. Y. 44; *Hermitage Co.* v. *Levine*, 248 id. 333.) Plaintiff, in its supplemental complaint, alleges that the contract provided for arbitration; that Walart demanded the plaintiff submit all questions in dispute to arbitration; that the plaintiff acceded to such demand; that the arbitration was had and the award made in plaintiff's favor for $10,941.60 on June 14, 1932. The contract was not attached to the complaint, but the same may be presented in evidence at the trial, and will show that the present action was prematurely brought.

Upon all the grounds stated the judgment against the defendant, appellant, should be reversed, with costs, and the order granting plaintiff's motion for summary judgment pursuant to rule 113 of the Rules of Civil Practice should be reversed, and plaintiff's motion denied, with ten dollars costs, without prejudice to an application for a preference.

McAvoy and Townley, JJ., concur; Finch, P. J., and Martin, J., concur in result.

Judgment and order reversed, with costs to the appellant, and the motion denied, with ten dollars costs, without prejudice to an application for a preference.