BRESCIA CONSTRUCTION COMPANY, INC., Respondent, *v.* WALART CONSTRUCTION COMPANY, INC., Defendant, Impleaded with NEW AMSTERDAM CASUALTY COMPANY, Appellant.

First Department, November 27, 1936.

*J. G. Fink* of counsel [*Harry N. French* with him on the brief; *Eidlitz, French & Sullivan,* attorneys], for the appellant.

*Meyer Levy* of counsel [*Levy, Murphy & Stolz,* attorneys], for the respondent.

TOWNLEY, J. This action was brought to foreclose a mechanic's lien. The lien was discharged by the filing of the usual statutory bond of the defendant New Amsterdam Casualty Company. The amount due the plaintiff under the contract and for extra work was determined by arbitration and by a judgment entered upon the award. This judgment was held not binding on the surety as to the validity of the lien. (*Matter of Brescia Const. Co. v. Walart Const. Co.,* 238 App. Div. 45; affd., 264 N. Y. 260, and *Brescia Const. Co., Inc.,* v. *Walart Const. Co., Inc.,* 238 App. Div. 360.) The case was thereafter tried, and on a further appeal to this court a retrial of the action was ordered (*Brescia Const. Co. v. Walart Const. Co.,* 245 App. Div. 105) to enable the surety to offer proof in support of its claim that the lien was invalid. On the new trial the trial court found that the notice of lien did sufficiently comply with the statute. The surety has taken this appeal and raises that sole issue.

Section 9 of the Lien Law provides that the notice of lien shall state: " 4. The labor performed or materials furnished and the agreed price or value thereof." "To make a good notice the statute must be substantially complied with." (*Pascual* v. *Greenleaf Park Land Co.,* 245 N. Y. 294, 299.) The notice of lien that was offered in evidence read:

" 8. The agreed price and value of said labor is $8,178.39.

" 9. The agreed price and value of said materials is $3,312.26 which includes a balance of $1,400 on the original contract and $1,912.26 of which is for extra materials.

" 10. The amount unpaid the lienor for such labor and materials including the extra work as aforesaid is the sum of $11,490.65."

The proof establishes that the agreed price and value of the labor and materials was $18,788.20, that there was paid to the lienor $7,297.55, leaving an unpaid balance of $11,490.65. The true amount due is reached by a method of computation not prescribed by statute. The notice of lien does not explicitly state the agreed price or value of the labor performed or material furnished at the time of filing thereof in accordance with the rule in *Mitchell* v. *Dunmore Realty Co.* (126 App. Div. 829) which was stated by the court in its opinion at page 833 as follows: " This plainly requires that the notice shall state the whole value of the labor and materials, as well as the amount remaining unpaid, and one requirement is as imperative as the other."

In effect, this court has already indicated its view that the notice of lien in this case does not comply with the requirements of the statute. Mr. Justice MERRELL wrote (*supra*, 238 App. Div. 360, 364): " In short, the notice of lien has not stated the value of the labor performed and materials furnished, but merely has stated the amount unpaid as the whole value of the services performed and materials furnished." He then said that this was a failure to comply with the requirements in *Mitchell* v. *Dunmore Realty Co.* (*supra*), and indicated that the lien was insufficient.

No precedents are called to our attention which would lead us to change the view expressed by this court at that time. The court below apparently relied upon *Mahley* v. *German Bank* (174 N. Y. 499). In that case, in so far as the court considered any issue like the present one, it was said that the " statement that the value of the work was $341.25 after deducting the payments made on account thereof could be held a substantial compliance with the statute." But the statement on the present notice of lien is not phrased even in the manner approved by the Court of Appeals in the *Mahley* case. Furthermore, in *Toop* v. *Smith* (181 N. Y. 283, 288) the Court of Appeals expressly limited the force of its decision in the *Mahley* case to the point decided, namely, that the notice of lien did not state the time when the first and last items of work were performed and materials delivered.

We conclude that the statement of price and value in the notice falls short of the statutory requirement, and the surety is discharged.

The judgment should be reversed, with costs, and the complaint dismissed, with costs.

MARTIN, P. J., GLENNON and UNTERMYER, JJ., concur.

Judgment unanimously reversed, with costs, and the complaint dismissed, with costs. Settle order on notice, reversing findings inconsistent with this determination, and containing such new findings of fact proved upon the trial as are necessary to sustain the judgment hereby awarded.