MIDLAND UNION GROUP, INC., Plaintiff, *v.* LOA MCMULLEN and Another, Defendants.

Supreme Court, Monroe County, April 19, 1938.

*Gregory F. Mills*, for the plaintiff.

*Harris, Beach, Folger, Bacon & Keating*, for defendants.

KNAPP, J.   This is an action brought by the plaintiff against the defendants, and the relief asked, among other things, is for specific performance of a certain contract claimed to have been entered into between the defendant Brownyards and this plaintiff.   The crucial question in the law suit is whether the defendant Loa McMullen had knowledge of this contract before she purchased the property and paid her money for it.   The complaint alleges that she did have such knowledge.

The defendant Loa McMullen now makes a motion for judgment upon the pleadings and sets forth in an affidavit made by her in detail that she had no notice or knowledge of any interest of the plaintiff in the premises set forth in the plaintiff's complaint, and that she does not know and has never met the defendant Brownyards, and that she entered into the contract Exhibit A, attached to the moving papers, in good faith, without notice or knowledge of the interest of any person in the real estate referred to other than the interests which appeared upon the abstract of title to the said property.   The plaintiff makes no reply to this affidavit by affidavit showing knowledge on the part of the defendant McMullen or in any other way, and stands squarely upon its complaint.   The defendant Loa McMullen has answered denying such knowledge.

The question now presents itself whether or not the allegation in the plaintiff's complaint raises such an issue of fact as requires a trial of the issues.

Subdivision 7 of rule 113 of the Rules of Civil Practice provides for a case of this character.   So much of such rule as is applicable here reads as follows:   " The complaint may be dismissed or answer may be stricken out and judgment entered in favor of either party on motion upon the affidavit of a party or of any other person having knowledge of the facts, setting forth such evidentiary facts as shall, if the motion is made on behalf of the plaintiff, establish the cause of action sufficiently to entitle plaintiff to judgment, and, if the motion is made on behalf of the defendant, such evidentiary facts, including copies of all documents, as shall fully disclose defendant's contentions and show that his denials or defenses are sufficient to defeat plaintiff, together with the belief of the moving party either that there is no defense to the action, or that the action has no merit as the case may be, unless the other party, by affidavit, or other

proof, shall show such facts as may be deemed by the judge hearing the motion sufficient to entitle him to a trial of the issues."

As said before, the plaintiff stands upon his complaint, and no affidavit has been filed showing knowledge of the defendant McMullen as is alleged in the complaint.

I do not believe that the allegation in the complaint is sufficient without supporting affidavits in the face of the positive denial and accompanying affidavits served by such defendant upon this motion. Upon the general question see *Sher* v. *Rodkin* (198 N. Y. Supp. 597); *Kellog* v. *Berkshire Building Corp.* (125 Misc. 818), and cases cited.

As was said by Judge Cardozo in *Curry* v. *Mackenzie* (239 N. Y. 267): " Civil Practice Rule 113 permits summary judgment at times in favor of plaintiff though material averments of his complaint have been traversed by the answer. To that end there must be supporting affidavits proving the cause of action, and that clearly and completely, by affiants who speak with knowledge. There must be a failure on the part of the defendant to satisfy the court ' by affidavit or other proof ' that there is any basis for his denial or any truth in his defense. The case must take the usual course if less than this appears. To justify a departure from that course and the award of summary relief the court must be convinced that the issue is not genuine, but feigned, and that there is in truth nothing to be tried."

In the case of *Dwan* v. *Massarene* (199 App. Div. 872, at p. 879) the court says: " The court is not authorized to try the issue but is to determine whether there is an issue to be tried. If there is, it must be tried by a jury. Plaintiff'a affidavit must state such facts as are necessary to establish a good cause of action. It will not be sufficient if it verifies only a portion of the cause of action, leaving out some essential part thereof."

In the case of *Hallgarten* v. *Wolkenstein* (204 App. Div. 487, 490) the court says: " Rule 113 of the Rules of Civil Practice explicitly provides: ' The answer may be struck out and judgment entered thereon on motion, and the affidavit of the plaintiff or of any other person having knowledge of the facts, verifying the cause of action.' Which means that the facts stated in the affidavit of the plaintiff or other person having knowledge of them who would be competent to testify to the facts upon the trial, must prove the cause of action stated in the complaint to be true."

In the case of *Brescia Construction Co., Inc.,* v. *Walart Construction Co., Inc.* (238 App. Div. 360, 367), the court says: " The requirement that the moving party shall so show ' such evidentiary facts as shall establish the cause of action sufficient to entitle plain-

tiff to judgment ' has been most strictly construed by the Court of Appeals. In *Curry* v. *Mackenzie* (239 N. Y. 267) Judge CARDOZO, in the course of his opinion in that case, said: ' There must be supporting affidavits proving the cause of action, and that clearly and completely by affiants who speak with knowledge.' "

It will be observed in the reading of the authorities that I have cited that they relate principally to cases where a motion has been made by the plaintiff for summary judgment. It may be pointed out, however, that rule 113 was amended March 14, 1932, effective June 15, 1933, and by such amendment from the quotation already cited in this opinion the complaint may be dismissed now where in the former rule the answer only could be attacked. This being the case, I see no reason why the application of the former rule should not apply here. If the plaintiff had facts upon which the allegation of the plaintiff's complaint is made as to the knowledge of this answering defendant as to the prior contract for the sale of the real estate set forth in the plaintiff's complaint, then, in good faith, upon this motion such facts should be disclosed by affidavit as would permit the court to see whether or not upon all of the facts a triable issue was presented. This has not been done, and I think the defendant's motion must be granted.

Prepare order.