Louis B. Heller, J.
Petitioner moves pursuant to subdivision (6) of section 19 of the Lien Law, for an order to discharge each of a general contractor’s liens on five parcels of real property, upon the ground that it is apparent the notices of lien are defective on their face.
Subdivision (6) as here pertinent, states: ££ Where it appears from the face of the notice of lien that the claimant has no valid lien by reason of the character of the labor or materials furnished and for which a lien is claimed * * * the owner * * * may apply * * * for an order summarily discharging of record the alleged lien.” (Italics supplied.)
The court after considering the submitted papers and carefully examining the five certified photo static copies of the notices of lien, finds each to be deficient for failure of compliance with the statute. The papers show that respondent employed the identical minimal language in paragraph 4 of each notice of lien purportedly to indicate the £< labor performed ” and the ££ material furnished ” on the subject properties. Absent the character of the labor or materials furnished called for by the statute, such failure of compliance the court finds to be a material fatal defect.
Respondent contends that section 23 of the statute is here applicable. However, the court finds such contention in this *199 instance to be without merit. This latter section provides that the law “is to be construed liberally to secure the beneficial interests and purposes thereof.” Such application of the liberalizing provisions of the Lien Law presupposes the existence of a valid notice of claim (Fries v. Bray, 279 App. Div. 8, 10; Houseknecht v. Reeve, 108 N. Y. S. 2d 917, 918). A notice of lien is required to contain a description as to just what labor was performed and what materials were furnished failing which such notices are deemed deficient.
As stated in Blackman-Shapiro Co. v. Salzberg (8 Misc 2d 972, 974): “A mechanic’s lien is a creation of statute and if there is entirely lacking from the notice of lien one of the material provisions required by the statute, it never comes into being as a lien. (Toop v. Smith, 181 N. Y. 283; Pascual v. Greenleaf Park Land Co., 245 N. Y. 294; Brescia Constr. Co. v. Walart Constr. Co., 238 App. Div. 360; Matter of Teicher v. Gold, 239 App. Div. 285.) ”
Accordingly the order is granted discharging the five notices of lien of record.